IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-02481-LTB-KMT

DANIEL W. DAUWE,

    Plaintiff,

v.

G. DAVID MILLER, individually and in his capacity as judicial officer,
JOANN L. VOGT, individually and in her capacity as judicial officer,
DIANA TERRY, individually and in her capacity as judicial officer,
NANCY J. LICHTENSTEIN, individually and in her capacity as judicial officer,

    Defendants.

---

**ORDER**

---

This matter is before the court on "Defendants' Motion to Suspend Initial Disclosures and Other Pretrial Activities, Including Scheduling Conference." [Doc. No. 17, filed January 20, 2009). Plaintiff filed his Response to Defendants' Motion to suspend Initial Disclosures and Other Pretrial Activities" [Doc. No. 28] on February 20, 2009.

Defendants seek to stay the proceedings in this case, including all scheduling, discovery scheduling and initial disclosures, until subsequent to the court's ruling on their Motion to Dismiss Amended Complaint. [Doc. No. 21]. The Motion to Dismiss is based, in part, on a

claim of absolute judicial immunity for the four named defendants, all of whom are judicial officers of the State of Colorado.

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and, the public interests at stake. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir.1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)(*quoting Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. Where a defense of immunity has been raised, however, there is

basis for the position that "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Liverman v. Comm. on the Judiciary*, 51 Fed. App'x. 825, 2002 WL 31379892, *2 (10th Cir. 2002)(unpublished).

While a stay of all discovery is generally disfavored in this District, *Chavez v. Young American Ins. Co.*, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007); *Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304 (D. Colo. Aug. 14, 2006), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In considering whether a stay of all discovery pending the outcome of Defendants' Motion to Dismiss Amended Complaint is warranted, a case-by-case analysis is required because such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case.

Title 42 U.S.C. § 1983 provides, "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* As early as 1869, our system of jurisprudence recognized that it was "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 13 Wall. 335, 347 (1872). *See also Randall v. Brigham*, 7 Wall. 523, 19 L. Ed. 285 (1869) (judges are not responsible to private

parties in civil actions for their judicial acts, however injurious may be those acts, and however much they may deserve condemnation, unless perhaps where the acts are palpably in excess of the jurisdiction of the judges, and are done maliciously or corruptly.) As time went on, the doctrine of judicial immunity was became applicable to suits under § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the legislative record gave no indication that Congress intended to abolish this long-established principle. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The application of judicial immunity is alive and well today. *Teton Millwork Sales v. Schlossberg*, 2009 WL 323141, *4 (10th Cir. 2009).

This case unquestionably involves the decisions made by a state trial court judicial officer and the three appellate judicial officers who reviewed the matters. (Am.Compl., Doc. No. 21). The Plaintiff has had several previous days in court and exercised his appellate rights. This court finds that deciding the issue of judicial immunity and its application in this case prior to allowing discovery, especially in a case where the record in the state court is well-developed, is in the best interests of judicial economy. Also, there is a public interest in the core principles underlying the premise of judicial immunity and engaging in discovery at this time is unwarranted.

Wherefore, it is **ORDERED**

"Defendants' Motion to Suspend Initial Disclosures and Other Pretrial Activities, Including Scheduling Conference" [Doc. No. 17] is **GRANTED**. All discovery in this case is

**STAYED** pending resolution of Doc. No. 21, Defendants' Motion to Dismiss Amended Complaint.

The Scheduling Conference now set for March 30, 2009 at 10:00 a.m. before this court is **VACATED.**

Dated this 26th day of February, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge