IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02481–LTB–KMT

DANIEL W. DAUWE,

      Plaintiff,

v.

G. DAVID MILLER, individually and in his capacity as judicial officer,
JOANN L. VOGT, individually and in her capacity as judicial officer,
DIANA TERRY, individually and in her capacity as judicial officer,
NANCY J. LICHTENSTEIN, individually and in her capacity as judicial officer,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This case involves claims that Defendants violated Plaintiff's Colorado Constitutional and United States Constitutional rights.  This matter is before the court on (1) "Defendants' Motion to Dismiss Amended Complaint" (Doc. No. 21, filed February 2, 2009); (2) Plaintiff's motion requesting a "Temporary Restraining Order" (Doc. No. 29, filed February 20, 2009); and (3) Plaintiff's "Motion for Injunctive Relief" (Doc. No. 30, filed February 20, 2009). Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).

## STATEMENT OF THE CASE

      The following facts are taken from Plaintiff's Complaint, Plaintiff's Amended Complaint and the parties' submissions with respect to this Recommendation.  Plaintiff names as defendants

G. David Miller; Joann L. Vogt; Diana Terry; and Nancy J. Lichtenstein, all in their individual

and official capacities as judicial officers.  (Am. Compl. at 1 [Doc. No. 18] [filed November 14,

2008].)  Plaintiff filed his original Complaint in this case on January 21, 2009, and stated that

"[t]his case is the continuation of Case No. 07-CV-01451, which was dismissed without

prejudice."  (Compl. at 1 [Doc. No. 1] [filed November 14, 2008].)  Case number 07-cv-01451-

LTB-KMT, also filed in the United States District Court for the District of Colorado, was

dismissed without prejudice for lack of jurisdiction based on the *Younger* abstention doctrine,

*Younger v. Harris*, 401 U.S. 37 (1971), and the *Rooker-Feldman* doctrine, *Rooker v. Fidelity

Trust Co.*, 263 U.S. 413 (1923).  *Dauwe v. Miller*, Civil Case No. 07-cv-01451-LTB-KMT, 2008

WL 4371857, at *1 (D. Colo. Sept. 22, 2008).

Following is the factual background of Case No. 07-cv-01451-LTB-KMT, as

summarized in the Recommendation of United States Magistrate Judge:

> According to Defendant, Plaintiff's marriage was dissolved in 1997 in El Paso
> County District Court Case No. 95DR2516, and the state court litigants have been
> involved in related litigation ever since.  Plaintiff states in 1999 he was sued by a
> collection agency on behalf of a psychiatrist for debt claims related to
> unauthorized services rendered on behalf of his children.  Defendant Judge Miller
> is one of the judges who has presided over the case, Case No. 99CV322, *Credit
> Service Co. Inc. v. Daniel W. Dauwe*, in El Paso County District Court.  Plaintiff
> states he pled the psychiatrist into the case as a third-party defendant, asserting a
> claim for wrongful debt collection.  The court granted dismissal of some claims
> against the psychiatrist, but denied a dismissal of the wrongful debt collection
> claim.  Plaintiff appealed to the Colorado Court of Appeals.  Plaintiff states he
> later sought leave of the trial court to supplement his claims with additional
> claims against the psychiatrist, but the court refused to allow the supplemental
> claim.  Plaintiff filed the supplemental claim in a separate case, 05CV2223.
> According to Plaintiff the trial judge "would not move forward with the case,
> saying it should probably be consolidated with 99CV322."  When 99CV322 came
> back from appeal, Defendant Miller was assigned as the judge.  According to

2

Plaintiff, Defendant Miller allowed consolidation of 99CV322 and 05CV2223, but he dismissed the consolidated claims and ordered trial would be set on the original debt claim against Plaintiff.  Since the filing of the Complaint in this case, the El Paso County District Court case has been tried before Senior District Court Judge Garth L. Nieschburg in El Paso County District Court.  Judge Nieschburg issued an Order and Judgment finding in favor of Dauwe.

Plaintiff asserts (1) that Defendant violated his right of equal access to the courts by refusing to allow his claims of wrongful debt collection against Credit Service Company and Dr. Deane S. Berson to go to trial in El Paso County; (2) that Defendant violated Plaintiff's right to due process of law by suspending the district court rules of civil procedure, prohibiting discovery or depositions, thereby denying Plaintiff the right to gather evidence to prove his case; (3) that Defendant violated Plaintiff's right to due process of law by refusing to recuse himself; and (4) that Defendant violated Plaintiff's right of undelayed access to the courts by refusing to certify the dismissal of the consolidated claims for appeal.  (*Id.*)  Plaintiff seeks declaratory and injunctive relief, requiring Defendant to recognize Plaintiff's legal rights.

*Dauwe v. Miller*, 2008 WL 4371857, at *1–2 (internal citations omitted).

In Plaintiff's El Paso County District Court Case No. 99CV322, *Credit Service Co. Inc. v. Dauwe* (hereinafter "1999 case"), Plaintiff brought appeals before the Colorado Court of Appeals at least three times, in No. 00CA1363 (July 19, 2001); No. 04CA157 (September 22, 2005); and No. 07CA2182 (September 18, 2008).  In No. 07CA2182, the Colorado Court of Appeals issued a thorough twenty-four page opinion affirming all orders of the state district court.  (Mot. to Dismiss, Ex. 2.)  Instead of seeking review of the Colorado Court of Appeals' decision by the Colorado Supreme Court, Plaintiff filed this action in federal court on November 14, 2008.  (*See* Compl.)

In addition to the 1999 case, Plaintiff was sued in Case No. 04CV288, *Otto v. Dauwe*, in El Paso County District Court (hereinafter "2004 case").  In the 2004 case, Plaintiff brought at

least two appeals before the Colorado Court of Appeals.  On September 14, 2006, the Colorado

Court of Appeals issued an eight-page opinion affirming the trial court's finding that Dauwe was

liable for arbitration fees under a contract; dismissing Dauwe's counterclaims; and holding

Dauwe liable for attorney fees and costs pursuant to the contract.  (*Id.*, Ex. 3.)  Second, on

August 28, 2008, the Court of Appeals issued a seven-page opinion affirming the trial court's

order denying Dauwe's post-judgment motion for relief on the merits and for procedural reasons,

as the motion was untimely; finding Dauwe's various other claims, including attorney and

judicial misconduct, to be inappropriate or without merit; and assessing attorney fees against

Dauwe under Colorado law for a frivolous appeal.  (*Id.*, Ex. 4.)  Plaintiff then amended his

complaint in this case to add allegations that his rights had been violated in the 2004 case.  (*See*

Am. Compl.)

        Plaintiff states that "[t]his case adds three Defendants, state appellate court judges, who

have now affirmed Judge Miller's faulty decisions."  (Compl. at 1.)  Plaintiff further states that

"[t]hese claims stem from . . . Colorado Court of Appeals Case No. 07CA2262, announced

August 28, 2008, in which Defendants Vogt, Terry and Lichtenstein participated."  (Am. Compl.

at 1.)  The plaintiff asserts claims that the defendants deprived him of his due process and equal

protection rights, as well as equal access to the courts.  (*Id.* ¶¶ 1–6.)  Plaintiff claims that (1)

Defendants refused to allow his claims of wrongful debt collection to go to trial in El Paso

County; (2) Defendants refused to allow his claims of professional negligence for violation of

the duty of doctor-patient confidentiality to go to trial in El Paso County; (3) Defendant Miller

suspended the district court rules of civil procedure, prohibiting discovery or depositions,

4

thereby denying him the right to gather evidence to prove his case; (4) Defendant Miller refused

to recuse himself, and Defendants Vogt, Terry, and Lichtenstein made a false statement to avoid

a conclusion that recusal was appropriate; (5) Defendants Vogt, Terry, and Lichtenstein denied

him attorney fees under the Consumer Credit Code, Colo. Rev. Stat. § 5–5–112; and (6)

Defendants Vogt, Terry, and Lichtenstein "fabricated a false statement that the trial judge had

cited some legal authority as to why Plaintiff was wrong." (*Id.* ¶¶ 1–6.)

The plaintiff seeks declaratory or injunctive relief "requiring the Defendants to recognize

Plaintiff's legal rights; allowing him a trial before a fair and impartial tribunal, on the claims in

the underlying state court Case No. 99CV322; and vindicating his rights under the Colorado

Consumer Credit Code in Case No. 04CV288. (*Id.* at 4–5.)

Defendants move to dismiss Plaintiff's Amended Complaint on the bases that (1) this

court must abstain from hearing this action because of the *Younger* abstention doctrine; (2) this

court does not have jurisdiction to hear this action because of the *Rooker-Feldman* doctrine; and

(3) this action is barred by preclusion principles; (4) the defendants are entitled to judicial

immunity on Plaintiff's claims for injunctive relief; and (5) Plaintiff's request for declaratory

relief is improper. (Defs.' Mot. to Dismiss Am. Compl. at 5–14 [hereinafter "Mot. to Dismiss"]

[filed February 2, 2009].)

## PROCEDURAL HISTORY

Plaintiff filed his original complaint on November 14, 2008. (Compl.) On January 21,

2009, Plaintiff filed his Amended Complaint. (Am. Compl.) Defendants filed their motion to

dismiss on February 2, 2009. (Mot. to Dismiss.) Plaintiff filed his response on February 20,

2009 (Resp. to Defs.' Mot. to Dismiss Am. Compl. [hereinafter "Resp. to Mot. to Dismiss"]),

and Defendants filed their reply on March 5, 2009 (Defs.' Reply to Pl.'s Resp. to Mot. to

Dismiss [hereinafter "Reply to Mot. to Dismiss"]).

Plaintiff also filed a motion requesting a "Temporary Restraining Order" (hereinafter

"Mot. for TRO") and a "Motion for Injunctive Relief" on February 20, 2009.  No responses or

replies have been filed.  These motions are ripe for review and recommendation.

## STANDARD OF REVIEW

### 1.   Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

6

absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**2.**     ***Lack of Subject Matter Jurisdiction***

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1) (2008).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *See Basso*, 495 F.2d at 909.  Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

**3.**     ***Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

7

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." 550 U.S. 544, —, 127 S. Ct. 1955, 1974 (2007); *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008). This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. *Bryson v. Gonzales,* 534

8

F.3d 1282, 1286 (10th Cir. 2008).  The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *See Scheuer*, 416 U.S. at 236.

## ANALYSIS

**1.** *This court has no jurisdiction over the defendants in the 1999 case due to the* **Younger** *doctrine abstention requirement.*

The *Younger* doctrine requires that federal courts refrain from interfering with state court proceedings by granting equitable relief — such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings — when such relief could be sought in the state court.  *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).  In addition, [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."  *Id.*  If these conditions are met, abstention is nondiscretionary and must be invoked.  *Id.*

As to the first condition that there must be an ongoing state criminal, civil, or administrative proceeding, Plaintiff asserts that he "has sought appellate review in both state court cases.  The Colorado Supreme Court has repeatedly refused review in those cases."  (Resp. to Mot. to Dismiss ¶ 2.)  For purposes of applying *Younger*, exhaustion of state appellate remedies is required before a plaintiff may seek a federal injunction, unless he can bring himself

within one of the exceptions in *Younger*.  *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609, 611

(1975).  Those exceptions are (1) if the state proceeding is motivated by a desire to harass or is

conducted in bad faith; (2) if the challenged statute is flagrantly violative of express

constitutional prohibitions in every clause and paragraph thereof; or (3) if extraordinary

circumstances exist.  *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995).  Plaintiff

failed to seek review of the Colorado Court of Appeals' most recent decision in Case No.

07CA2182, which stemmed from his original 1999 state court case.  Additionally, from the

record before this court, none of the *Younger* exceptions is shown to exist here.  Plaintiff "may

not avoid the standards of *Younger* by simply failing to comply with the procedures of perfecting

its appeal."  *Huffman*, 420 U.S. at 611 n.22.  As to the 1999 case, Plaintiff has presented no

convincing evidence that his state court action is final for these purposes, and, therefore, the first

condition of *Younger* is met.  As to the 2004 case, this court finds the *Younger* abstention

doctrine does not apply, as the Plaintiff has exhausted his state court appeals, as is required

under *Younger*.

     As to the second *Younger* condition that the state court must provide an adequate forum

to hear the claims raised in the federal complaint, Plaintiff seems to argue that he was unable to

present his constitutional claims to the appellate courts because he could not know in advance

that the state district court would violate his rights.  (Resp. to Mot. to Dismiss ¶ 2.)  Defendants

correctly argue that Colorado's state court system routinely hears claims of federal constitutional

violations.  (Reply to Mot. to Dismiss at 3.)  The Supreme Court has recognized that state courts

are fully competent to adjudicate federal constitutional claims.  *Hawaii Housing Auth. v. Midkiff*,

463 U.S. 1323, 1325 (1983). This court finds that the state court does provide an adequate forum

to hear all of the claims raised in the federal complaint, and, therefore, the second *Younger*

condition is met.

There appears to be no dispute that the third *Younger* condition, that the state proceedings

must involve important state interests, matters which traditionally look to state law for their

resolution or implicate separately articulated state policies, is met. Accordingly, as all of the

*Younger* conditions have been met as to the 1999 case, abstention by this court is

nondiscretionary.

**2.      *Plaintiff's claims for injunctive relief and declaratory relief are barred by judicial immunity.***

Defendants argue that judicial immunity bars any claim for injunctive relief against them.

(Mot. at 13.) Judges are immune from suits for damages. *Pulliam v. Allen*, 466 U.S. 522, 544

(1984). In *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), the Supreme Court stated that a judge

is entitled to judicial immunity if he has not acted in clear absence of all jurisdiction and if the

act was a judicial one. An act is judicial if it is a function normally performed by a judge and the

parties dealt with the judge in her judicial capacity. *Id.* at 362. Recognizing that it is a "general

principle of the highest importance to the proper administration of justice that a judicial officer,

in exercising the authority vested in [her], [should] be free to act upon [her] own convictions,

without apprehension of personal consequence," the Supreme Court held that "judges of courts

of superior or general jurisdictions are not liable to civil actions for their judicial acts, even when

11

such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 351 (1872).

"The Supreme Court has recognized only two exceptions to this immunity from suit: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;' and (2) 'a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.'" *Hicks v. Blythe*, 105 F.3d 669 (10th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "The factor determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they deal with the judge in his judicial capacity." *Stump*, 435 U.S. at 360.

In *Pulliam*, *supra*, the Supreme Court found that a judge "is not shielded by absolute [judicial] immunity from declaratory or injunctive relief." *Pulliam*, 466 U.S. at 541–42. However, in 1996, Congress effectively reversed *Pulliam* with the enactment of the Federal Courts Improvement Act ("FCIA"), Pub.L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983). Section 309(c) of the FCIA bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."

In this case, Plaintiff has not alleged and it cannot be disputed that the defendants have engaged in anything other than judicial acts. Moreover, Plaintiff does not allege any facts and it cannot be disputed that any actions or inactions by the defendants were taken in complete absence of all jurisdiction. Accordingly, Plaintiff has failed to show that the claims against

12

defendants fit into one of the two exceptions set forth in *Hicks*, and the defendants are entitled to judicial immunity. Moreover, neither statutory limitation set forth in the FCIA appears to apply in this case, as Defendants did not violate a declaratory decree, nor was declaratory relief unavailable to Plaintiff. Plaintiff's Amended Complaint says nothing to the contrary. Thus, judicial immunity extends to Plaintiff's claims for injunctive relief. *See Lawrence v. Kuenhold*, 271 Fed. Appx. 763, 766 (10th Cir. 2008).

3.      ***Plaintiff's claims for declaratory relief are barred.***

Plaintiff also seeks declaratory relief requiring that the defendants "recognize [his] legal rights." (Am. Compl. at 4.) "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence* at 766 (citing *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004). In this case, it is clear the plaintiff seeks a declaration of past liability. A declaratory judgment would serve no purpose here and, thus, is not available. *See S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 730 (10th Cir. 1997). Moreover, the Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past. *Ellibee v. Fox*, 244 Fed. Appx. 839, 843 (10th Cir. 2007) (citing *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir.1995)). Accordingly, Plaintiff's claims for declaratory relief against the defendants are properly dismissed for failure to state a claim upon which relief can be granted.

**4.      *Plaintiff's motions for a temporary restraining order and/or preliminary injunction are properly denied.***

The plaintiff is requesting a temporary restraining order and/or an injunction pursuant to

Fed. R. Civ. P. 65(b).  Where the opposing party has notice, as is in this case, the procedure and

standards for issuance of a temporary restraining order mirror those for a preliminary injunction.

*Emmis Commc'ns Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23,

2001).  A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).  A party seeking injunctive relief must

found his effort on specific factual allegations.  *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th

Cir. 1992).  Ultimately, because "a preliminary injunction is an extraordinary remedy," the

moving party must establish that his "right to relief [is] clear and unequivocal."  *Schrier v. Univ.*

*of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

As this court is recommending that all of Plaintiff's claims for relief be denied and

Defendants' motion to dismiss be granted, there is not a substantial likelihood Plaintiff

ultimately will prevail on the merits of this case.  Accordingly, Plaintiff's motions for injunctive

relief are properly denied at this time.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that

14

1.      "Defendants' Motion to Dismiss Amended Complaint" (Doc. No. 21, filed February 2, 2009) be GRANTED;

2.      Plaintiff's motion requesting a "Temporary Restraining Order" (Doc. No. 29, filed February 20, 2009) be DENIED;

3.      Plaintiff's "Motion for Injunctive Relief" (Doc. No. 30, filed February 20, 2009) be DENIED; and

4.      This case be dismissed in its entirety.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 13th day of May, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge